**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**ALEXANDRA R. VILLA, CARINA MURPHY,**
**TRACIE VALDEZ, RAQUEL MUNOZ, and**
**AMANDA GUTIERREZ,**

    **Plaintiffs,**

v.   No. 16-cv-1076 JCH/SMV

**BOARD OF COUNTY COMMISSIONERS**
**OF CIBOLA COUNTY, COUNTY OF CIBOLA,**
**DAVID SANCHEZ, MICHAEL DODDS,**
**RACINE PLATERO, GILBERT GONZALES,**
**ADRIANNE JARAMILLO, LANCE DIXON,**
**AARON HOLGUIN, KEVIN LONG,**
**JOHN DOES 1–10, and JANE DOES 1–10,**

    **Defendants.**

## SCHEDULING ORDER

THIS MATTER is before the Court on a telephonic Rule 16 scheduling conference, held on March 1, 2017.  The parties' Joint Status Report and Provisional Discovery Plan [Doc. 18] is adopted, except as modified below.

In accordance with the Civil Justice Expense and Delay Reduction Plan adopted in compliance with the Civil Justice Reform Act, and pursuant to Title 28 U.S.C. § 473(a)(1), this case is assigned to a **"complex" (240-day)** track classification.

Plaintiffs shall be allowed until **April 12, 2017**, to join additional parties and amend the pleadings (in compliance with the requirements of Fed. R. Civ. P. 15(a)).  Defendants shall be allowed until **April 26, 2017**, to join additional parties and amend the pleadings (in compliance with the requirements of Fed. R. Civ. P. 15(a)).

The parties must disclose every expert witness who is expected to testify, even if the expert is not required to submit an expert report. *See* Fed. R. Civ. P. 26(a)(2)(B)–(C); D.N.M.LR-Civ. 26.3(b).[1] Plaintiffs shall identify to all parties in writing any expert witness to be used by Plaintiffs at trial and provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) or summary disclosures under Rule 26(a)(2)(C)[2] no later than **August 28, 2017**. All other parties shall identify in writing any expert witness to be used by such parties at trial and provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) or summary disclosures under Rule 26(a)(2)(C) no later than **September 27, 2017**. Rebuttal experts disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii) shall be disclosed within 30 days after the other party's disclosure.

The termination date for discovery is **October 27, 2017**, and discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause. This deadline shall be construed to require that discovery be completed on or before the above date. Service of interrogatories, requests for production, and requests for admission shall be considered timely only if the responses are due prior to the deadline. The Court will not limit the number of requests for admission served by each party at this time. The parties will be permitted 20 depositions per side—that is, 20 depositions by Plaintiffs and 20 depositions by Defendants. A notice to take deposition shall be considered

---

[1] *See also Blodgett v. United States*, No. 2:06-CV-00565 DAK, 2008 WL 1944011, at *5 (D. Utah May 1, 2008).

[2] Summary disclosures are, under certain circumstances, required of treating physicians. *Farris v. Intel Corp.*, 493 F. Supp. 2d 1174, 1180 (D.N.M. 2007) (Treating physicians who do not submit Rule 26 expert reports may only testify "based on . . . personal knowledge and observations obtained during [the] course of care and treatment[.]"); *Blodgett*, 2008 WL 1944011, at *5 ("[T]reating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient.").

timely only if the deposition takes place prior to the deadline.  The pendency of dispositive motions shall not stay discovery.

Motions relating to discovery shall be filed with the Court and served on opposing parties by **November 16, 2017**.  *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies.  This deadline shall not be construed to extend the 21-day time limit in D.N.M.LR-Civ. 26.6 (Party served with objection to discovery request must file motion to compel within 21 days of service of objection. Failure to file motion within 21 days constitutes acceptance of the objection.).

Pretrial motions, other than discovery motions, shall be filed with the Court and served on opposing party by **November 27, 2017**.  *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies.  Any pretrial motions, other than discovery motions, filed after the above dates shall, in the discretion of the Court, be considered untimely.

If documents are attached as exhibits to motions, affidavits or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with D.N.M.LR-Civ. 10.6.

Counsel are directed to file a consolidated final Pretrial Order as follows: Plaintiffs to Defendants on or before **January 12, 2018**; Defendants to Court on or before **January 26, 2018**.  Counsel are directed that the Pretrial Order will provide that no witnesses except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than 30 days prior to the time set for trial.  Any exceptions thereto must be upon order of the Court for good cause shown.

IT IS SO ORDERED.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**